Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL - 9 1999
Robert M. March
CLERK

JEAN DENNY,

    Plaintiff,

vs.                      Civ. No. 99-310 DJS/KBM

SHHA, BERNALILLO COUNTY, SANTA FE COUNTY,
STATE OF NEW MEXICO, and MRS. SUSAN CARLOW, COVENANT
COMMITTEE MEMBER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Court of Appeals' Motion to Dismiss filed April 21, 1999 (Docket No. 6), the State of New Mexico and the Court of Appeals' First Amended Motion to Dismiss (Docket No. 8) filed April 21, 1999, and Motion and Memorandum in Support of Motion to Dismiss Claims against Defendant Ted Baca filed May 3, 1999 (Docket No. 10).

In ruling on a motion to dismiss, a court presumes all of the Plaintiff's factual allegations are true and construes them in the light most favorable to the Plaintiff. Hall v. Bellmon, 935 F. 2d 1106, 1109 (10th Cir. 1991) (citing Scheuer v. Rhodes, 416 U. S. 232, 236 (1974 )). Courts may not dismiss a lawsuit for failure to

1

state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle her to recovery. Conley v. Gibson, 355 U. S. 41, 45-46 (1957). Complaints drawn by *pro se* litigants, such as the complaint now before the Court, are held to less stringent pleading standards than complaints drafted by counsel. Estelle v. Gamble, 429 U. S. 97,106 (1976). Nonetheless, a *pro se* complaint may be dismissed if it clearly fails to state a legally cognizable claim. Id.

Plaintiff, *pro se*, was sued by the Sandia Heights Homeowner's Association in state court. The state court found that "her motor home is in violation of the covenants covering her property in a Sandia Heights subdivision" and the Court permanently enjoined her from parking the motor home on her property. Sandia Heights Homeowner's Assoc v. Denny, Memorandum Opinion, New Mexico Court of Appeals, No. 19,987, March 11, 1999, p.1. The Court of Appeals affirmed the state district court's decision. Id. at 3. Plaintiff filed an "Action for Renumeration for Civil Rights Violations Against Plaintiffs" (hereinafter Complaint) in United States District Court on March 23, 1999. She alleges that the covenants at issue in the state court case do not prohibit motor homes and that justice was not served. She requests damages in the amount of $10,000,000.

Plaintiff's Complaint must be dismissed in its entirety. A United States District has no authority to review final judgments

of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court. <u>Razatos v. Colorado Supreme Court</u>, 746 F.2d 1429, 1432 (10th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1016 (1985)(citing 28 U.S.C. §1257 and the Feldman doctrine). A careful reading of Plaintiff's Complaint and Plaintiff's response to Defendants' Motions shows that Plaintiff is seeking a review of the final judgment in state court. The essence of the Complaint is the judgment entered by state court was in error. Plaintiff alleges "she did not receive equal Justice under the Law," she did "not receive due process", and that the state lawsuit was illegal. Plaintiff thus appears to make vague and conclusory allegations of violations of her civil rights. Plaintiff in her response briefs again raises the issue of her civil rights. The Complaint makes clear that the Plaintiff is attacking the validity of the state court judgment.

Plaintiff cannot reformulate her claims against the validity of the state court judgment under the guise of a civil rights action. These claims are "inextricably intertwined" with the State Court's judgment against the Plaintiff and thus "the District Court is in essence being called upon to review the state court decision. " <u>Dist. Of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483-84n.16 (1983). A federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided

3

the issues before it." See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)(Marshall,J., concurring in the judgment). In other words the court has no jurisdiction when in order to grant the federal Plaintiff the relief sought, "the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3rd Cir. 1997).

In this case, Plaintiff is seeking damages because she did not receive a full trial on the issue in state court. To award damages, a fact finder must find error in the state court's judgment. Plaintiff attempts to argue that she does not want to relitigate "except from the points of due process, Equal Justice and Civil Rights." Plaintiff's Rebuttal, filed May 11, 1999, p.2. The fact that Plaintiff is requesting money damages and does not directly seek to overturn the state decision does not change the analysis. The district court is still being asked to review the state court decision. Jordahl v. Democratic Party of Virginia, 122 F.3d 192 (4th Cir. 1997).

In summary, the Court is convinced that the claims raised by the Plaintiff are issues that are "inextricably intertwined" with the state court's final decision. Therefore, the Court lacks subject matter jurisdiction on the matters raised in the Complaint. For that reason, this Court shall not address the further arguments

asserted by the Defendants.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Complaint and all the causes of action therein are dismissed with prejudice.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**